MEINBERG *v.* GLASER, EXR.

(No. A211854—Decided January 25, 1967.)

Common Pleas Court of Hamilton County.

*Messrs. Goldman, Cole & Putnick* and *Mr. Douglas G. Cole,* for plaintiffs.

*Messrs. Lindhorst & Dreidame* and *Mr. Leo J. Breslin,* for defendant.

SCHNEIDER, J.  This matter is before the court on a motion for judgment on the pleadings filed by the defendant executor herein.

Plaintiffs claim injuries sustained as a result of negligence on the part of defendant's decedent.  The petition for damages was filed within two years from the time the injuries were sustained.  Plaintiffs did not present claims to the executor of the estate within four months of his appointment and did not petition the Probate Court for authority to present their claims within nine months of the appointment of the executor.

Defendant asserts that this failure to file claims with the executor in accordance with the provisions of Section 2117.07, Revised Code, is a bar to any further proceedings.

Plaintiffs contend that the last and newest paragraph of this section excepts them from the general provisions of this statute requiring the filing of claims.  This paragraph reads as follows:

"Nothing in this Section or in Section 2117.06 of the Revised Code shall reduce the time mentioned in Section 2305.10 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to such Section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117. of the Revised Code."

The issue originally was raised on a motion to strike from the reply, which the court denied.

However, the court has reconsidered the issue involved and has thoroughly examined briefs and authorities submitted by the parties.

The theory of plaintiffs is that under the above quoted paragraph, they have the right to proceed with the trial of this tort action; that thereafter, if a judgment be recovered

in favor of plaintiffs, the question would then arise as to whether they would be able to satisfy that judgment from liability insurance; which insurance money would constitute property available to satisfy the judgment, which property would not be classified as assets of the estate.

The court has considered the two cases cited by counsel which are in support of plaintiffs' contention. However, it seems to this court that an analysis of this last paragraph of Section 2117.07, Revised Code, makes it absolutely meaningless as it is written. It is possible that there was an intention on the part of the legislative authority to accomplish what plaintiffs claim herein, but the method used is ineffective. The statute reaffirms the statute of limitation of two years within which time to bring a tort action and then proceeds to reaffirm the basic and original provisions of Section 2117.07, Revised Code, in this language:

"Provided * * * no portion of any recovery * * * shall come from the assets of an estate unless such claim has been presented * * * in accordance with Chapter 2117. Revised Code."

With this language how can a claim be prosecuted against an estate unless such claim is first filed with the executor or administrator?

The court is constrained to find that the motion of the defendant is well taken and an entry may be presented granting the same.

*Motion granted.*